UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HOPE MARIAN REDINGER,

        Plaintiff,

  -against-

THE ART OF EDIBLES,

        Defendant.
-------------------------------------------------------X

REPORT AND
RECOMMENDATION

20 CV 1685 (AMD)(RML)

LEVY, United States Magistrate Judge:

      By order dated October 9, 2020, the Honorable Ann M. Donnelly, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons explained below, I respectfully recommend that plaintiff's motion be granted in part and denied in part.

## BACKGROUND AND FACTS

      On April 2, 2020, plaintiff Hope Marian Redinger ("plaintiff") commenced this copyright infringement action against defendant The Art of Edibles ("defendant") as a result of defendant's alleged unauthorized reproduction and public display of a copyrighted photograph owned and registered by plaintiff. (Complaint, dated Apr. 2, 2020 ("Compl."), Dkt No. 1, ¶¶ 1-2.) Plaintiff has demonstrated that defendant was properly served with the summons and complaint. (See Affidavit of Service of Jeffrey L. Levine, sworn to Apr. 14, 2020, Dkt. No. 6.) Despite proper service, defendant has failed to appear or otherwise defend this action. (See Request for Certificate of Default, dated Aug. 4, 2020, Dkt. No. 8.) On August 4, 2020, plaintiff requested a certificate of default pursuant to Federal Rule of Civil Procedure 55(a). (Id.) On August 14, 2020, the Clerk of the Court noted defendant's default. (See Certificate of Default,

dated Aug. 14, 2020, Dkt. No. 9.)  On October 9, 2020, Judge Donnelly referred plaintiff's motion to me for a report and recommendation.  (Order, dated Oct. 9, 2020.)

Plaintiff is a photographer who has a usual place of business in Massachusetts.  (Compl. ¶¶ 5, 7.)  Defendant is a domestic corporation that transacts business in New York, with its principal place of business in Los Angeles, California.  (Id. ¶¶ 3, 6.)  Defendant operates an Instagram page at the URL: wwww.Instagram.com/TheArtof Edibles (the "Website").[1]  (Id. ¶ 6.)  Plaintiff asserts that she photographed, is the author of, and has at all times been the sole owner of all right, title, and interest, including the copyright, to the cannabis portrait (the "Photograph") that appeared on defendant's Instagram page.  (Id. ¶¶ 7-8.)

Plaintiff asserts that the Photograph was registered with the United States Copyright Office and was given Copyright Registration Number VA 2-128-526.  (Id. ¶ 9.)  Plaintiff alleges that defendant ran the Photograph on the Website without licensing or obtaining permission or consent from plaintiff.  (Id. ¶¶ 10-11.)  Plaintiff has submitted a copy of the Photograph and a screenshot of the Photograph on the Website.  (See id., Exs. A, B.)  Plaintiff requests $1,500 in actual damages under § 504(b) of the Copyright Act, as well as $637.50 in attorney's fees and $440 in costs under the Copyright Act.  (See Declaration of Richard Liebowitz, Esq., dated Oct. 7, 2020 ("Liebowitz Decl."), Dkt. No. 12, ¶¶ 15-16.)

---

[1] A court may establish general personal jurisdiction over non-residents based on a defendant's general business contacts with the forum.  See Porina v. Marward Shipping Co., 521 F.3d 122, 128 (2d Cir. 2008); MM Global Servs. Inc. v. Dow Chemical Co., 404 F. Supp. 2d 425, 434 (2d Cir. 2005); see also Verch v. Sea Breeze Syrups, Inc., No. 19 CV 5923, 2020 WL 7407939 (E.D.N.Y. Aug. 20, 2020) (finding jurisdiction was proper though neither party was physically present in New York, because defendant transacted business in New York), report and recommendation adopted, 2020 WL 7402209 (E.D.N.Y. Dec. 17, 2020).

## DISCUSSION

### I. STANDARD OF REVIEW

Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability, but not those pertaining to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Even after properly serving a defendant and securing an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action. See Chanel, Inc. v. Schwartz, No. 06 CV 3371, 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007). The court must draw all reasonable inferences in plaintiff's favor and should grant default judgment only if plaintiff's factual allegations, accepted as true, "establish [defendant's] liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

### II. LIABILITY

There are two elements to every claim of copyright infringement: "(1) ownership of a valid copyright, and (2) copying of constituent elements of work that are original." Kwan v. Schlein, 634 F.3d 224, 229 (2d Cir. 2011) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). The Copyright Act is a "strict liability regime" that "makes parties who infringe on [the copyright holder's] rights liable for damages, regardless of whether they had knowledge that the content was infringing." BWP Media USA Inc. v. Polyvore, Inc., 922 F.3d 42, 47 (2d Cir. 2019) (citing 17 U.S.C. § 504).

3

The first element of a copyright infringement claim can be satisfied "by the introduction into evidence of a Copyright Office certificate of registration." Sheldon v. Plot Commerce, No. 15 CV 5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016) (internal quotation marks and citation omitted), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016). When introduced, a certificate of registration may serve as "*prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." Id. at *10 (internal quotation marks and citation omitted); see also 17 U.S.C. § 410(c). After the presentation of such a certificate, the burden of proof shifts to the defendant to prove the invalidity of the plaintiff's copyright; however, "in the context of a default judgment[,] a timely certificate is sufficient to establish validity." Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17 CV 5721, 2019 WL 312149, at *5 (E.D.N.Y. Jan. 3, 2019) (citations omitted), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

Here, plaintiff has submitted a certificate of registration for the Photograph, bearing the effective date of registration as November 27, 2018, and naming plaintiff as the Photograph's author and copyright claimant. (See Liebowitz Decl., Ex. D.) I therefore find that plaintiff has established ownership of a valid copyright.

The second element breaks down into two parts. Plaintiff must first show that defendant "actually copied" her photograph, which may be established by direct or indirect evidence. Streetwise Maps, Inc. v. Vandam, Inc., 159 F.3d 739, 747 (2d Cir. 1998). Not all copying results in copyright infringement, even if the plaintiff has a valid copyright. Feist Publ'ns, 499 U.S. at 361. Plaintiff must also demonstrate a "substantial similarity" between defendant's photograph and the *protectible* elements of her own photograph. Streetwise

4

Maps, 159 F.3d at 747. Inasmuch as protection extends only to those components of a work that are original to the author, originality is "the *sine qua non* of copyright." Feist Publ'ns, 499 U.S. at 348. In the context of copyright cases, original "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." Id. at 345. "For photographs, originality may be founded upon . . . subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." Pasatieri v. Starline Prods., Inc., No. 18 CV 4688, 2020 WL 207352, at *2 (E.D.N.Y. Jan 14, 2020) (citation and quotation marks omitted).

Here, plaintiff alleges that defendant infringed on her exclusive copyright under § 106 of the Copyright Act by actually copying and publicly displaying the Photograph on defendant's Website. (Compl. ¶¶ 13-14); see also Korzeniewski, 2019 WL 312149, at *6 (finding that plaintiff's allegation that defendant reproduced and displayed plaintiff's image without plaintiff's consent was enough to establish that defendant violated plaintiff's exclusive rights in the image). Plaintiff establishes that actual copying took place because defendant reposted the Photograph from another Instagram account's post on its Website. (See Compl., Ex. B.) Moreover, a substantial similarity exists between defendant's photograph and plaintiff's photograph because defendant used the same photograph that was copyrighted by plaintiff. See id. (finding that plaintiff's allegation that he was the sole creator of the "original and unique" image was sufficient to establish originality). Plaintiff easily meets the low burden required to establish infringement of original work, and

5

therefore, I find that plaintiff has also proved the second element of a copyright infringement claim.

**III.   DAMAGES**

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible to mathematical computation." John Hancock Life Ins. Co. v. Perchikov, No. 04 CV 98, 2010 WL 185007, at *3 (E.D.N.Y. Jan. 15, 2010) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)).  Where, as here, a defendant has never appeared, "the Court's determination [of damages] is based solely on plaintiff's submissions." Gilbert v. Hotline Delivery, No. 00 CV 160, 2001 WL 799576, at *2 (S.D.N.Y. July 10, 2001).  "As long as there is a sufficient basis from which to evaluate the fairness of the sum awarded, a court may rely upon detailed affidavits and documentary evidence to determine damages." In re Crazy Eddie Sec. Litig., 948 F. Supp. 1154, 1160 (E.D.N.Y. 1996) (citation and quotation marks omitted).

Under the Copyright Act, a copyright infringer is liable for either actual damages and any additional profits or statutory damages.  17 U.S.C. § 504(a).  In this case, plaintiff has elected to seek $1,500 in actual damages and additional profits of the infringer. (Liebowitz Decl. ¶ 15.)

   A.   Actual Damages

"The Copyright Act grants courts discretion in calculating the actual damages sustained by a prevailing party, as long as the claim is reasonable according to typical market values." Sheldon, 2016 WL 5107072, at *14 (citation omitted).  Because it can be "unreasonable to expect plaintiff's [sic] to be able to calculate the actual damages they have suffered – particularly in default cases," id., "courts have adopted a wide range of methods by which to

6

measure actual damages in copyright infringement actions, including the award of lost licensing fees." Antenna Television v. Aegean Video Inc., No. 95 CV 2328, 1996 WL 298252, at * 1 (E.D.N.Y. 1996) (citations omitted). To be awarded actual damages based on lost licensing fees, it is not sufficient to merely show the amount the copyright owner "would have charged." On Davis v. The Gap, Inc., 246 F.3d 152, 166 (2d Cir. 2001). Plaintiff's "claim for actual damages must also be *reasonable* according to typical market values." Pasatieri, 2020 WL 207352, at *4 (internal quotations and citations omitted) (emphasis in original). The amount of claimed damages must be based on fact, not "undue speculation." On Davis, 246 F.3d at 163 (internal quotation and citation omitted). In other words, there must be "some reasonable basis for [the] computation" even if "the calculation [of actual damages] may only be approximate." Renna v. Queens Ledger/Greenpoint Star Inc., No. 17 CV 3378, 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019) (internal quotation and citation omitted), report and recommendation adopted, 2019 WL 1062490 (E.D.N.Y. Mar. 6, 2019). Requiring plaintiffs to establish a reasonable basis serves the purpose of protecting defendants – even those in default – against "unrealistically exaggerated claim[s]." On Davis, 246 F.3d at 166.

    Here, plaintiff seeks to recover actual damages in the amount of $1,500 for lost licensing fees. (See Liebowitz Decl. ¶ 15.) Plaintiff correctly notes that the fair market value of the photograph is "what Plaintiff would have been reasonably entitled to charge had Defendant contacted her to obtain permission" to publish the Photograph. (Id.) However, plaintiff has not submitted any evidence of her prior licensing agreements for any photographs, much less the Photograph itself. See Pasatieri, 2020 WL 207352, at *4 (describing an actual damages estimate as "undue speculation" in the absence of "documentary evidence—such as invoices for Plaintiff's past licensing fees."). Instead, to establish licensing fees, plaintiff submits a $1,260

quote for a five-year license of a comparable photograph offered by Getty Images, Inc. ("Getty"). (See id. ¶¶ 18-19.) The benchmark image is similar to the Photograph insofar as they are both images of individuals holding political signs about cannabis. (See Compl., Ex. A; Liebowitz Decl., Ex. E.) But plaintiff assumes, among other things, that defendant would have purchased a license for the largest size of the photograph available and that defendant would have purchased the license for a duration of five years. Without further explanation as to why the five-year license for the large-sized image approximates plaintiff's actual damages, basing an actual damages award on that quote amounts to undue speculation because the court has no assurance that the figure is not unrealistically exaggerated.

Still, where there are points of reference that hint at an appropriate fair market value for the licensing fee plaintiff could or would have charged, the court is well within its discretion to limit actual damages to the minimum amount supported by plaintiff's submission. See, e.g., Mango v. Northside Media Grp., LLC, No. 18 CV 5504, 2019 WL 4262018, at *2 (E.D.N.Y. Aug. 6, 2019) (limiting actual damages to the minimum amount supported by the plaintiff's submission of "a copy of a summary of the licensing fees for his photographs from 2005-2018"), report and recommendation adopted, 2019 WL 4261743 (E.D.N.Y. Sept. 9, 2019); Terry v. Masterpiece Advert. Design, No. 17 CV 8240, 2018 WL 3104091, at *2 (S.D.N.Y. June 21, 2018) (calculating damages by adjusting quoted Getty pricing and specifications to match defaulting defendant's infringing use). Therefore, I respectfully recommend that plaintiff be awarded $375 in actual damages – the approximate value of a one-year license of the Photograph based on the Getty quote for the medium-sized version of the benchmark image. (See Liebowitz Decl. ¶ 19, Ex. E.)

    B.  Defendant's Profits

Under section 504(b), plaintiff can also recover "profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. §504(b). To obtain damages for the infringer's profits, "the copyright owner is required to present proof only of the infringer's gross revenue. . . ." Id.

Plaintiff requests a total of $1,500 in damages but has not specified the amount she is seeking to recover for defendant's profits. (See Liebowitz Decl. ¶ 20.) Since plaintiff claimed $1,260 in actual damages for lost licensing fees, the logical inference is that plaintiff intended to claim the remaining $240 in damages for defendant's profits from infringement. (See id. ¶ 21.) Aside from citing to general principles in the case law, plaintiff has provided no information from which the court could reliably ascertain defendant's gross revenue. (See id. ¶ 20.) "The Court recognizes that the type of evidence relevant to the infringer's profits is most likely in the possession of the Defendant, who has not appeared in this action. However, this does not absolve Plaintiff of h[er] statutory responsibility to make an evidentiary showing of the infringer's profits under 17 U.S.C. § 504(b) or otherwise enable the court to make a reasonable estimate." Eva's Photography, Inc. v. Alisa, LLC, No. 20 CV 01617, 2020 WL 2904848, at *2 (S.D.N.Y. June 3, 2020) (citations omitted). Since plaintiff has failed to provide any evidence or documentation, I find that there is no reasonable basis upon which to award damages for defendant's profits. See Cuffaro v. Fashionisto LLC, No. 19 CV 7265, 2020 WL 5077449, at *4-*5 (S.D.N.Y. July 9, 2020) (declining to award any damages for infringer's profits absent sufficient evidence), report and recommendation adopted, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020); Eva's Photography, Inc., 2020 WL 2904848, at *2 (same); McDermott, 2020 WL 2765045, at *4 (same); Pasatieri, 2020 WL 207352, at *5 (E.D.N.Y. Jan. 14, 2020) (same); Romanowicz v. Alister & Paine, Inc., No. 17 CV 8937, 2018 WL 4762980, at *5 (S.D.N.Y. Aug.

9

3, 2018) (same), report and recommendation adopted, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018).

Accordingly, I respectfully recommend that plaintiff be awarded $375 in actual damages and be denied damages for defendant's profits.[2]

### IV.   ATTORNEY'S FEES

In addition to damages, plaintiff requests $637.50 in attorney's fees. (See Liebowitz Decl. ¶ 22.)  Here, however, attorney's fees are precluded under 17 U.S.C. § 412 because plaintiff did not register her copyright within three months of the Photograph's first publication or within one month of plaintiff's learning of the infringement.  See On Davis, 246 F.3d at 158 n.1 (quoting 17 U.S.C. § 412); see also Renna, 2019 WL 1061259, at *4; Millennium TGA, Inc. v. Leon, No. 12 CV 1360, 2013 WL 5719079, at *9 (E.D.N.Y. Oct. 18, 2013). Plaintiff registered the copyright on November 27, 2018, which was more than three months after the Photograph was first published on August 4, 2017 and more than one month after the infringement occurred on September 7, 2017.  (See Compl., Ex. B; Liebowitz Decl., Ex. D.) Plaintiff has provided no further statements as to when she learned of the infringement.  (See generally Compl.; Liebowitz Decl.)  I therefore respectfully recommend that plaintiff's request for attorney's fees be denied.

### V.   COSTS

---

[2] That this award falls short of the minimum amount provided for statutory damages under the Copyright Act does not undermine its validity as there is no fixed minimum for an actual damages award.  See 17 U.S.C. §§ 504(b)-(c).  Here, plaintiff only requested actual damages. (Compl. ¶ 16; Liebowitz Decl. ¶ 15); see Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1380 (2d Cir. 1993) (holding that copyright owners may alternatively plead for actual and statutory damages but must select one remedy or the other prior to final judgment).

Plaintiff also seeks $440 in costs. (See Liebowitz Decl. ¶ 22.) The Copyright Act grants courts discretion to award costs. 17 U.S.C. § 505. "Courts typically award 'those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to fee-paying clients.'" LG Cap. Funding, LLC v. Solar Energy Initiatives, Inc., No. 19 CV 907, 2019 WL 7630792, at *6 (E.D.N.Y. Nov. 1, 2019), report and recommendation adopted, 2020 WL 364078 (E.D.N.Y. Jan. 22, 2020) (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)); see also LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." LG Cap. Funding, LLC, 2019 WL 7630792 at *6 (quoting Pennacchio v. Powers, No. 05 CV 985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). Here, plaintiff has sufficiently documented and itemized her costs. (See Liebowitz Decl. ¶¶ 25-26.) I find that the itemized costs account for out-of-pocket expenses incurred to further this litigation, and I therefore find that the costs are reasonable and justified. See LG Cap. Funding, LLC v. MineralRite Corp., No. 16 CV 6158, 2017 WL 9250297, at *16 (E.D.N.Y. Dec. 1, 2017) (collecting cases). Thus, I respectfully recommend that plaintiff be awarded $440 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion for default judgment be granted as to liability and that plaintiff be awarded actual damages in the amount of $375 and costs in the amount of $440. I further recommend that plaintiff's request for attorney's fees be denied.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendant by first-class mail, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order.

See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

        Respectfully submitted,

                                              /s/
                              ROBERT M. LEVY
                              United States Magistrate Judge

Dated:  Brooklyn, New York
         June 28, 2021